## Frank Zumwalt v. Charles Fletcher.

1. Burden of Proof—*Of Settlement.*—Where a plaintiff claims that a settlement was made, and that the defendant promised to pay the amount found to be due, the burden is upon him to establish the facts alleged, by a preponderance of the evidence.

2. Verdicts—*Usually Conclusive.*—It is only in clear cases, and when it can be seen that the jury have been influenced by passion or prejudice, or have found against the preponderance of the evidence, that Appellate Courts should interfere with their verdicts.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Iroquois County; the Hon. Thomas F. Tipton, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

Charles W. Raymond, attorney for appellant.

Morgan & Orebaugh, attorneys for appellee.

Mr. Justice Crabtree delivered the opinion of the Court.

Appellee sued appellant before a justice of the peace to recover a balance of $75.08, which he claimed to be due him for wages. On the first trial before the justice the jury disagreed; but on the second trial appellee obtained a verdict, and appellant took the case to the Circuit Court, where the cause was again tried by a jury, resulting in a verdict for appellee for $81.01.

A motion for a new trial being overruled, there was judgment on the verdict and appellant brings the case to this court by appeal.

There is no question that appellee worked for appellant five months, lacking fourteen and one-half days, but appellant insists that this labor was performed under an agreement to work five months for $100, the money to be paid when the term expired; that the contract was entire, and appellee was bound to serve the full term of five months before he was entitled to payment, and that he quit before the term expired, without any just cause or provocation, and is therefore not entitled to recover for the time he served.

On the contrary, appellee contends that the bargain was he should work five months at $20 per month if he and appellant should agree, and that appellant said that whenever they could not agree, appellee's time should be up.

The only persons actually present when the bargain was made were the parties themselves, who directly contradict each other as to its terms, appellant testifying that the contract made was as claimed by him and appellee swearing that it was as he contends.

But to sustain his contention and corroborate his testimony, appellant introduced some eight or ten witnesses who testify to admissions made by appellee as to the terms of the contract which it seems to us made a clear preponderance of the evidence in his favor upon that question. We think the weight of the evidence shows that the contract between the parties was for the entire term of five months, at $100 for the term, to be paid when it expired. It is true that appellee claims he was discharged by appellant, but this the latter denies, and of the persons who were present at the disagreement when appellee quit the employment of appellant, none of them corroborate his testimony in that regard. Nor do we see from the evidence that appellee had any just cause for leaving appellant's employment. Aside from his testimony it does not appear that appellant used any harsh language to him, or said anything which was unreasonable under the circumstances.

Zumwalt v. Fletcher.

Appellant had the right to require of appellee to bind the oats out of which the trouble arose, and appellee had no right to refuse.    There is some evidence in the record which tends to show that appellee was desirous of quitting because at that time, it being just in harvest, he could obtain better wages than he was to receive from appellant.    However that may be, we see no justification for his quitting the service of appellant before the end of the term agreed upon.

But it is contended by appellee that after he quit, he and appellant had a settlement in which there was found to be due to appellee $75.08 and that this amount appellant agreed to pay him.    It is insisted, therefore, that appellee has the right to recover on the account stated and the promise made to pay the balance found due, regardless of the terms of the original contract.    If this position is sustained by the proofs there can be no doubt as to the correctness of the contention.    No doubt the general rule is that to warrant a recovery upon a promise of this character the party alleging the promise takes the burden of proving it by a preponderance of the evidence.    In this case, unfortunately the only witnesses testifying as to this alleged promise are appellant and appellee, and as to this matter they directly and squarely contradict each other.    On the face of the record there would seem to be no preponderance in favor of appellee, and yet we can not say the jury were not warranted in finding as they did.    They saw the witnesses and heard them testify, and they had the right to give credence to the party they thought most worthy of credit.

It is only in clear cases, and when it can be seen the jury have been influenced by passion and prejudice, or have found against the preponderance of the evidence, that appellate courts should interfere with their verdicts.    Hence, we hesitate to disturb the finding of the jury in this case.    They had better opportunities than we have for ascertaining the truth and judging of the credibility of the witnesses.    They may have found for appellee upon the question of a promise to pay on the accounting between the parties, and if so, we can not say they had not the right to do so.

We do not think there was any error on the part of the court in everruling the motion for a continuance.

Nor do we think there was any serious error on the part of the court in giving or refusing instructions.

The judgment will be affirmed.